Dilworth & Barrese, LLP
Rocco S. Barrese, Esq., (RB 7064)
Peter B. Sorell, Esq. (PS 5394)
Attorneys for Third-Party Defendant NUSRATY CORP.
and Third-Party Defendant NARGIS NUSRATY
333 Earle Ovington Boulevard
Uniondale, New York 11553
516.228.8484 (phone)
516.228.8516 (fax)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| GUCCI AMERICA, INC., a NEW YORK corporation, | Case No. 08-CV-4451 (DC) |
| Plaintiff, | **THIRD-PARTY ANSWER** |
| -against- | |
| NANCY OLICKER, individually, d/b/a SAMPLE SALE PRODUCTIONS d/b/a SAMPLESALEPRODUCTIONS.COM; SAMPLE SALE PRODUCTIONS, LLC, a NEW YORK limited liability company, d/b/a SAMPLE SALE PRODUCTIONS d/b/a SAMPLESALEPRODUCTIONS.COM and DOES 1-10, | |
| Defendants. | |

------------------------------------------------------------X

SAMPLE SALE PRODUCTIONS, LLC,

               Third-Party Plaintiff,

   -against-

NUSRATY CORP. and NARGIS NUSRATY,

               Third-Party Defendants.
------------------------------------------------------------X

      Third-Party Defendants Nusraty Corp. and Nargis Nusraty, by their attorneys, Dilworth & Barrese, LLP, for their third-party answer to the complaint of third-party plaintiff Sample Sale Productions, LLC:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third-Party Complaint.

2. Admit the allegation contained in paragraph 17 of the Third-Party Complaint.

3. Deny the allegations contained in paragraph 18 of the Third-Party Complaint.

4. Paragraph 19 of the Third-Party Complaint sets forth legal conclusions to which no response is required.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third-Party Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint.

8. Deny the allegations contained in paragraph 23 of the Third-Party Complaint.

9. Deny the allegations contained in paragraph 24 of the Third-Party Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 25 of the Third-Party Complaint as it relates to the liability of Sample Sale to Gucci and deny the remaining allegations contained in paragraph 25 of the Third-Party Complaint.

11. Deny each and every allegation of the Third-Party Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

12. Third-Party Plaintiff's authority to carry on, conduct or transact business in the State of New York has been suspended as a result of Third-Party Plaintiff's failure to comply with the notice publication requirements of the New York Limited Liability Company Law, and therefore Third-Party Plaintiff is unable to proceed with its claims in this action.

### SECOND AFFIRMATIVE DEFENSE

13. The Third-Party Complaint fails to state a claim against Third-Party Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

14. The claims against Third-Party Defendant Nargis Nusraty are barred because at all times Nargis Nusraty acted in her capacity as an officer of Nusraty Corp. and not in her individual capacity.

### FOURTH AFFIRMATIVE DEFENSE

15. Third-Party Plaintiff's demand for judgment against Third-Party Defendants for any damages, which may be assessed against Sample Sale in favor of plaintiff Gucci should be dismissed because Third-Party Defendants did not engage in any conduct warranting the imposition of damages.

## FIFTH AFFIRMATIVE DEFENSE

16. Third-Party Plaintiff's equitable claims in the Third-Party Complaint are barred in whole or in part by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

17. Third-Party Plaintiff's demand for costs and attorney's fees should be dismissed because Third-Party Defendants did not engage in any conduct warranting the imposition of the sanction of costs and attorney's fees.

## SEVENTH AFFIRMATIVE DEFENSE

18. Third-Party Plaintiff's claims are barred under the first sale doctrine because any goods which may have been sold by Third-Party Defendants during the sample sales conducted by Sample Sale were owned by and lawfully acquired by Third-Party Defendant, NUSRATY CORP.

## EIGHTH AFFIRMATIVE DEFENSE

19. Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

20. Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## TENTH AFFIRMATIVE DEFENSE

21. Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

WHEREFORE, Third-Party Defendants Nargis Nusraty and Nusraty Corp. demand judgment:

    A.    Dismissing the Third-Party Complaint; and

    B.    For such other and further relief as the Court may deem just and proper.

Dated: Uniondale, New York
       July 10, 2008

                  DILWORTH & BARRESE, LLP

By: _____
      Rocco S. Barrese (RB 7064)
      Peter B. Sorell (PS 5394)
      Attorneys for Third-Party Defendants
      333 Earle Ovington Boulevard
      Uniondale, New York 11553
      516.228.8484 (phone)
      516.228.8516 (fax)
      rbarrese@dilworthbarrese.com (email)

To:    LaREDOLLA, LESTER & ASSOCIATES, LLP
Steven M. Lester (SL2921)
600 Old Country Road, Suite 224
Garden City, New York 11530
(516) 357-0056

Attorneys for Defendants and Third-Party Plaintiff


and

GIBNEY, ANTHONY & FLAHERTY, LLP
John Macaluso (JM2058)
665 Fifth Avenue
New York, New York 10022
(212) 688-5151



STEPHEN M. GAFFIGAN, P.A.
Stephen M. Gaffigan
312 S.E. 17th Street – Second Floor
Ft. Lauderdale, Florida 33316
(954) 767-4819

Attorneys for Plaintiff Gucci America, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing:

## THIRD-PARTY ANSWER

was served via first-class mail, this 10th day of July, 2008, on the following:

>Steven M. Lester
>LaREDOLLA, LESTER & ASSOCIATES, LLP
>600 Old Country Road, Suite 224
>Garden City, NY 11530
>
>Attorneys for Defendants and Third Party Plaintiff

and

>John Macaluso
>GIBNEY, ANTHONY & FLAHERTY, LLP
>665 Fifth Avenue
>New York, New York 10022
>
>Stephen M. Gaffigan
>STEPHEN M. GAFFIGAN, P.A.
>312 S.E. 17th Street – Second Floor
>Ft. Lauderdale, Florida 33316
>
>Attorneys for Plaintiff Gucci America, Inc.

Dilworth & Barrese, LLP

_____
Rocco S. Barrese (RB 7064)
Attorneys for Third Party Defendants